**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jonathan Leon TOLIVER, AKA K-
Boose, Defendant-Appellant.**

**No. 15-15439**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted November 17,
2016 San Francisco, California

Filed December 23, 2016

Peter Stuart Levitt, Esquire, Assistant
U.S. Attorney, USLV—Office of the U.S.
Attorney, Las Vegas, NV, Elizabeth Olson
White, Esquire, Assistant U.S. Attorney,
USRE—Office of the US Attorney-Reno,
Reno, NV, for Plaintiff-Appellee

Jason F. Carr, Esquire, Assistant Fed-
eral Public Defender, Federal Public De-
fender's Office Las Vegas, Las Vegas, NV,
for Defendant-Appellant

Before: SCHROEDER, WARDLAW,
and OWENS, Circuit Judges.

MEMORANDUM *

Jonathan Toliver appeals the district
court's denial of his 28 U.S.C. § 2255 mo-
tion. At trial, only one witness identified
Toliver as being at the crime scene when
the crime occurred. In a declaration, which
was not before the trial court or before

this court in the earlier direct appeal, *see
United States v. Toliver*, 380 Fed.Appx.
570 (9th Cir. 2010) (unpublished), the lone
witness' mother casts doubts on her son's
credibility. The district court failed to hold
an evidentiary hearing to consider whether
Toliver was prevented from learning about
the witness's mother before or during trial
because the government failed to timely
disclose other evidence that could have led
to her. *See United States v. Browne*, 829
F.2d 760, 765–66 (9th Cir. 1987) (explain-
ing that impeachment evidence must be
disclosed at a time when it is of value to
the defendant). This was an abuse of dis-
cretion. *See United States v. McMullen*, 98
F.3d 1155, 1157 (9th Cir. 1996). We there-
fore remand to the district court to consid-
er possible prosecutorial misconduct in
light of the mother's declaration.

We do not reach Toliver's claim that his
counts of conviction based on 18 U.S.C.
§ 924(c) are now invalid under *Johnson v.
United States*, —— U.S. ——, 135 S.Ct.
2551, 192 L.Ed.2d 569 (2015). The govern-
ment concedes that the district court may
hear the *Johnson* claim. Accordingly, we
deny Toliver's motion for supplemental
briefing and remand to the district court to
consider the *Johnson* claim, pending this
court's disposition of a similar issue in
*United States v. Begay*, No. 14-10080,
which may affect Toliver's conviction.

The district court did not err in denying
Toliver's remaining grounds for relief. To-
liver's claim that the government present-
ed a false theory to convict him is proce-
durally defaulted. *See Massaro v. United
States*, 538 U.S. 500, 504, 123 S.Ct. 1690,
155 L.Ed.2d 714 (2003). At the time of his
direct appeal, Toliver had the opportunity
to argue that the organization to which he
belonged, "Squad Up," was not an "enter-

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

by Ninth Circuit Rule 36-3.

prise engaged in racketeering activity" for the purposes of 18 U.S.C. § 1959(a), the Violent Crimes in Aid of Racketeering Activity ("VICAR") statute. Procedural default also bars Toliver's other prosecutorial misconduct claims, in which Toliver argues that the government intimidated possible witnesses and failed to disclose impeachment evidence, and knowingly presented a false theory of guilt. Toliver cannot show cause and prejudice for any of these claims. See Massaro, 538 U.S. at 504, 123 S.Ct. 1690.

Law of the case doctrine bars Toliver's claim that the trial court's VICAR jury instructions contained directed verdict language. See United States v. Jingles, 702 F.3d 494, 499 (9th Cir. 2012). Toliver presented a substantively identical claim on direct appeal that we rejected. Toliver, 380 Fed.Appx. at 573. Toliver has not shown any clear error in our earlier conclusion that, read as a whole, the jury instructions were sufficient to guide deliberations.

Lastly, the district court did not err in denying Toliver's claim that he received ineffective assistance of counsel. The district court held a full evidentiary hearing on this matter, and the record supports a finding that the defense counsel's performance was not deficient. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The parties shall bear their own costs on appeal.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.

---

* The Honorable Carlos F. Lucero, Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.